```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF TEXAS
                    HOUSTON DIVISION
```

TOM SHERRY,                       §
                                  §
        Plaintiff,                §
                                  §
v.                                §     CIVIL ACTION NO. H-05-2594
                                  §
TAM INTERNATIONAL, INC.,          §
                                  §
        Defendant.                §

## MEMORANDUM OPINION

Pending before the court[1] is Defendant's Motion for Summary Judgment (Docket Entry No. 13). The court has considered the motion and the applicable law. For the reasons set forth below, the court **GRANTS** Defendant's motion on Plaintiff's Family and Medical Leave Act ("FMLA") claim and **REMANDS** Plaintiff's remaining state causes of action.

### I.  Case Background

Plaintiff brought this action in state court against his former employer for discrimination and retaliation under the Texas Workers' Compensation Act ("TWCA")[2] and the FMLA.[3] Plaintiff's Original Petition also alleges negligent hiring and training.

Plaintiff began working for Defendant as a machinist in

---

[1] The parties consented to proceed before the undersigned magistrate judge for all proceedings, including trial and final judgment, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.  Docket Entry No. 10.

[2] Tex. Labor Code § 451.001-451.003.

[3] 29 U.S.C. §§ 2601-2654.

January 2003.[4]  While at work in early July, Plaintiff suffered an injury to his right thumb.[5]  The injury became infected, resulting in multiple surgeries.[6]  Due to continuing complications from his injury, Plaintiff missed a significant amount of work during the course of the next seven months.[7]  Plaintiff received workers' compensation benefits for the injury.[8]

In March 2004, Plaintiff's doctor released Plaintiff to return to work without restrictions.[9]  Plaintiff returned to work on March 3, 2004.[10]  Shortly after returning, Plaintiff informed Defendant that he had a foot infection and that he would be absent from work the following day so that he could see a doctor.[11]  Plaintiff missed

---

[4]   See Defendant's Motion for Summary Judgment, Docket Entry No. 13, Ex. 3, e-mail from Linda Reed to Dynette Trim and Thomas Young dated Jan. 23, 2003.

[5]   See id. at Ex. 5, Deposition of Joe Mix, p. 17; Ex. 9, Discharge Summary.

[6]   Defendant's Notice of Removal, Docket Entry No. 1, Ex. A, Plaintiff's Original Petition, p. 2 (unnumbered).

[7]   See id. (stating that, months later, he continued under the care of a doctor for an infection related to the injury); Defendant's Motion for Summary Judgment, Docket Entry No. 13, Ex. 7, Employee Pay History Report (listing hours Plaintiff worked).

[8]   See id. at Ex. 5, Deposition of Joe Mix, p. 17.

[9]   See id. at pp. 27-28, 31.

[10]   Defendant's Motion for Summary Judgment, Docket Entry 13, Ex. 1, Plaintiff's Responses to Defendant's Requests for Admission, No. 4.

[11]   See id. at Ex. 1, Plaintiff's Answers to Defendant's First Set of Interrogatories, Nos. 9-13; Plaintiff's Responses to Defendant's Requests for Admission, No. 5.

at least three days of work.[12]  Defendant's attendance policy requires medical certification to support an absence of three days or more.[13]  According to Defendant's attendance policy, an employee who is absent without approval for three consecutive days is deemed to have abandoned his job.[14]  On March 12, 2004, Defendant terminated Plaintiff for violating the attendance policy.[15]

Plaintiff filed suit in state court on June 16, 2005, and Defendant timely removed the case to this court.  The parties conferred and submitted a joint discovery/case management plan in October 2005.  In February 2006, Defendant filed the pending motion for summary judgment; Plaintiff did not respond.

## II.  Summary Judgment Standard

Summary judgment is warranted when the evidence reveals that no genuine dispute exists regarding any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986);

---

[12] See id. at Ex. 1, Plaintiff's Answers to Defendant's First Set of Interrogatories, Nos. 9-13, Plaintiff's Responses to Defendant's Requests for Admission, No. 5; Ex. 4, Texas Workforce Commission Appeal Tribunal Decision, p. 2.  The evidence is not clear whether and how Plaintiff reported his absences to Defendant on those days.  Compare id. at Ex. 1, Plaintiff's Answers to Defendant's First Set of Interrogatories, No. 9; Plaintiff's Responses to Defendant's Requests for Admission, Nos. 5, 7, 9 with id. at Ex. 4, Texas Workforce Commission Appeal Tribunal Decision, p. 2.  The resolution of this dispute is not material to the court's ruling.

[13] Defendant's Motion for Summary Judgment, Docket Entry No. 13, Ex. 2, Employee Handbook, p. 5.

[14] Id.

[15] See id. at Ex. 4, Work Separation Details; Ex. 5, Deposition of Joe Mix, p. 22, Ex. 8, Deposition of Haas Fogle, p. 17.

Brown v. City of Houston, Tex., 337 F.3d 539, 540-41 (5th Cir. 2003). A material fact is a fact that is identified by applicable substantive law as critical to the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To be genuine, the dispute regarding a material fact must be supported by evidence such that a reasonable jury could resolve the issue in favor of either party. Id. at 250.

The movant must inform the court of the basis for the summary judgment motion and must point to relevant excerpts from pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of genuine factual issues. Celotex Corp., 477 U.S. at 323; Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th Cir. 1992). If the moving party can show an absence of record evidence in support of one or more elements of the case for which the nonmoving party bears the burden, the movant will be entitled to summary judgment. Celotex Corp., 477 U.S. at 322. In response to a showing of lack of evidence, the party opposing summary judgment must go beyond the pleadings and proffer evidence that establishes each of the challenged elements of the case, demonstrating that genuine issues of material fact do exist which must be resolved at trial. Id. at 324.

The Local Rules for the Southern District of Texas state that failure to respond to a motion will be taken as a representation of no opposition. L.R. 7.4. Generally, the nonmovant has twenty days

to file a response before the failure to respond is considered a lack of opposition.  L.R. 7.3, 7.4.  However, because it would be improper to dismiss an action merely because of lack of response, this court must carefully consider the merits of the unanswered motion. Hibernia Nat'l Bank v. Administracion Cent. S.A., 776 F.2d 1277, 1279 (5th Cir. 1985).

### III.  Analysis

In his Original Petition, Plaintiff alleged that Defendant discriminated and retaliated against Plaintiff for asserting his rights under the TWCA and the FMLA and that Defendant was negligent in its hiring and training.  Defendant moves for summary judgment on all three causes of action.  The court begins and ends with consideration of the arguments in favor of dismissal of Plaintiff's only federal claim, discrimination and retaliation under the FMLA.

The FMLA provides employees both prescriptive and proscriptive rights.  Haley v. Alliance Compressor LLC, 391 F.3d 644, 649 (5th Cir. 2004).  As prescriptive or substantive rights, the FMLA entitles an eligible employee to a total of twelve weeks per year of qualifying leave and to reinstatement upon return to work.  29 U.S.C. §§ 2612(a)(1), 2614(a)(1); Haley, 391 F.3d at 649.  If these rights are violated, an employee may bring entitlement or interference claims under 29 U.S.C. § 2615(a)(1).  A plaintiff may be entitled to recovery if he can prove that he was an eligible employee, that his employer interfered with, restrained, or denied

5

his exercise of FMLA rights, and that he was prejudiced by the violation.  29 U.S.C. §§ 2615(a)(1), 2617(a)(1); see also Ragsdale v. Wolverine World Wide, Inc., 535 U.S. 81, 89 (2002).

The substantive entitlements provided under the FMLA are only available to "eligible employees."  See 29 U.S.C. § 2612(a)(1).  An eligible employee is one "who has been employed . . . for at least twelve months by the employer with respect to whom leave is requested."  § 2611(2)(A).  The employee also must have been employed "for at least 1,250 hours of service with [the] employer during the previous twelve-month period."  Id.

The FMLA's other type of protections, the so-called proscriptive rights, prohibit discrimination or retaliation against an employee who exercises the right to take FMLA leave.  29 U.S.C. § 2615(a)(2); Haley, 391 F.3d at 649.  The violation of these entitlements gives rise to an action under 29 U.S.C. § 2615(a)(2) for discrimination and retaliation.  The FMLA also protects from discrimination or retaliation those persons who oppose any practice made illegal by the FMLA and those who participate in inquiries or proceedings relating to FMLA rights.  29 U.S.C. § 2615(b).

Claims of discrimination and retaliation brought under the FMLA are not significantly different from claims brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII")[16] or other anti-discrimination laws.  Haley, 391 F.3d at 649; Chaffin v.

---

[16]   42 U.S.C. §§ 2000e-2000e-17.

John H. Carter Co., 179 F.3d 316, 319 (5th Cir. 1999).  Therefore, in the absence of direct evidence, courts analyze FMLA retaliation claims, like Title VII claims, under the burden-shifting approach first articulated in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), and recently modified in Desert Palace, Inc. v. Costa, 539 U.S. 90 (2003), and Rachid v. Jack In The Box, Inc., 376 F.3d 305 (5th Cir. 2004).  Richardson v. Monitronics Int'l, Inc., 434 F.3d 327, 332 (5th Cir. 2005).

Under the "modified McDonnell Douglas approach," a plaintiff may trigger a presumption of discrimination by establishing a prima facie case.  Richardson, 434 F.3d at 332; Rachid, 376 F.3d at 312.  To establish a prima facie case of retaliation under the FMLA, a plaintiff must show that:  1) he engaged in a protected activity; 2) he suffered an adverse employment decision; and 3) causation connects the two.  Richardson, 434 F.3d at 332; see also Hunt v. Rapides Healthcare Sys., LLC, 277 F.3d 757, 768 (5th Cir. 2001)(stating that the employee against whom an employer allegedly retaliated for asserting FMLA rights must show that he was protected under the FMLA, he suffered an adverse employment decision, and he either was treated less favorably than those who did not take FMLA leave or was subjected to the adverse decision because he took leave).  Once a plaintiff has established a prima facie case, the burden shifts to the defendant to proffer legitimate, non-discriminatory reasons for its adverse employment

7

action.  Richardson, 434 F.3d at 332; Rachid, 376 F.3d at 312.

If the defendant satisfies this burden, the plaintiff must then offer evidence tending to show "either (1) that the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another motivating factor is the plaintiff's protected characteristic (mixed-motives alternative)."  Rachid, 376 F.3d at 312 (internal quotation and alteration marks omitted); see also Richardson, 434 F.3d at 332-33 (analyzing FMLA retaliation claim under the modified approach).  If the plaintiff shows that the illegal discrimination was a motivating factor, the defendant must respond with evidence that the same employment decision would have been made regardless of discriminatory animus.  Rachid, 376 F.3d at 312.

Plaintiff did not allege, in his Original Petition, that Defendant denied him a substantive right under the FMLA.  His only allegation under the FMLA is that Defendant terminated[17] him in retaliation for the exercise of his FMLA rights.[18]  Defendant argues

---

[17]    Although Plaintiff referred to Defendant's "discriminatory and retaliatory actions" and Defendant's "unlawful actions" in the plural, he pled facts in support of only one action, termination.  See Defendant's Notice of Removal, Docket Entry No. 1, Ex. A, Plaintiff's Original Petition, pp. 2, 3 (unnumbered).

[18]    In his Original Petition, Plaintiff claimed that he "in good faith instituted a proceeding" under the TWCA "and/or" the FMLA, but he provided no facts to suggest that he instituted a FMLA proceeding of any sort prior to his termination.  See id. at p. 3 (unnumbered).

that Plaintiff is not entitled to protection under the FMLA because he was not an eligible employee under the FMLA and did not provide Defendant with proper notice of the need for FMLA leave. Plaintiff did not respond with any argument or evidence. The court generally agrees with Defendant that the protections of the FMLA were not implicated in this case.

In order to overcome Defendant's motion for summary judgment, Plaintiff would need to produce some evidence demonstrating that he was protected under the FMLA or that he engaged in some sort of protected activity. The record contains no evidence that either was true. To the contrary, the record reveals that Plaintiff was not eligible for FMLA leave either at the time of his initial injury or when he requested time off to see a doctor just before his termination. In the first instance, Plaintiff had worked for Defendant for only six months, significantly less than the required twelve months to be eligible under the FMLA. In the latter instance, Plaintiff did not meet the second eligibility criterion of 1,250 minimum hours worked over the course of the prior twelve months.[19] Furthermore, the record contains no factual allegations, much less evidence, that Plaintiff engaged in any protected activity.

Because Plaintiff has presented no evidence in support of the

---

[19] See Defendant's Motion for Summary Judgment, Docket Entry 13, Ex. 7, Employee Pay History Report.

first element of his FMLA discrimination/retaliation claim, the claim must be dismissed on summary judgment. As no other federal claims remain in the case, the court declines to extend jurisdiction over the supplemental state law claims. See 28 U.S.C. § 1367(c)(3); Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 351 (1988)(allowing district courts the discretion to remand, rather than dismiss, a removed case involving pendent state law claims when the court has determined that retaining jurisdiction would be inappropriate); Moore v. Willis Indep. Sch. Dist., 233 F.3d 871, 876 (5th Cir. 2000)(indicating that, upon dismissal of all federal claims, the court should not retain jurisdiction over supplemental state law claims).

## IV. Conclusion

Based on the foregoing, the court **GRANTS** Defendant's motion as to Plaintiff's FMLA claim. The case is **REMANDED** for adjudication of the remaining claims by the state court.

**SIGNED** in Houston, Texas, this 30th day of May, 2006.

Nancy K. Johnson
United States Magistrate Judge